UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCARBROUGH,<br>Plaintiff,<br>v.<br>GROCERY OUTLET, et al.,<br>Defendants. | No. 2:25-cv-2418 CSK P<br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III. PLAINTIFF'S COMPLAINT

Plaintiff alleges that on September 20, 2020, he was shopping in Grocery Outlet, and eating a peach when he was approached by a loss prevention security officer. (ECF No. 1 at 3.) Despite telling the officer that plaintiff would pay for the peach at checkout, the officer told plaintiff he must leave the store. (Id.) Plaintiff started walking away, claiming the officer was racist, and the officer reached around, pepper sprayed plaintiff in his eyes and dragged him out of the store. Plaintiff cried out for help and for someone to call an ambulance, but no one helped. Plaintiff stumbled to his car, rinsed his eyes and drove home. (Id.)

In his second claim, plaintiff alleges deliberate indifference to his medical needs and a violation of his First Amendment right to freedom of speech. (Id. at 4.) In his third claim, plaintiff alleges he has been subjected to unlawful continuous detainment, in violation of California Civil Code §§ 51, 52.1, and falsely arrested by Sacramento Police Department on six different occasions from June 2020 to December 2024. (Id. at 5.)

Plaintiff seeks money damages. (Id. at 6.) Plaintiff names three defendants: Grocery Outlet, Loss Prevention Security Officer, and the City of Sacramento Police Department. (Id. at 2.)

## IV. DISCUSSION

### A. Grocery Outlet and Its Loss Prevention Security Officer

Plaintiff names Grocery Outlet and its loss prevention security officer as defendants.

As described above, to state a cognizable claim under § 1983, defendants must be "state actors," meaning that they were acting under color of state law. See West, 487 U.S. at 48. Private citizens, such as employees of a private company like Grocery Outlet, as well as Grocery Outlet itself, are generally not considered "state actors" under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640, (1980); see also Flournoy v. Walmart Stores, Inc., 2023 WL 6307305, at *3 (N.D. Cal. Sep. 27, 2023) (collecting cases showing that altercations with private store security or employees does not constitute action under the color of state law even where altercation leads to plaintiff's arrest and detention by police).

Action taken by private individuals or entities may be considered under color of state law only if there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself. Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001). The Ninth Circuit has summarized the tests applied by the Supreme Court to determine whether action taken by a private individual or entity may be considered under color of state law as follows:

> The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. The close nexus and joint action tests may be satisfied where the court finds a sufficiently close nexus between the state and the private actor so that the action of the latter may be fairly treated as

> that of the State itself, or where the State has so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise. Governmental compulsion or coercion may exist where the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.

Rawson v. Recovery Innovations, 975 F.3d 742, 748 (9th Cir. 2020) (citation modified). Plaintiff cannot proceed with a § 1983 claim against Grocery Outlet or its employees unless he sets forth sufficient facts in an amended complaint tending to show that they acted under color of state law under one of the tests above. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 899-900 (9th Cir. 2008). Therefore, all claims against Grocery Outlet and its loss prevention security officer are dismissed with leave to amend.

B. City of Sacramento Police Department

Plaintiff does not allege that the City of Sacramento Police Department or any of its officers were involved in the incident at Grocery Outlet on September 20, 2020. Plaintiff's third claim alleging unlawful detention is wholly unrelated to the events of September 20, 2020 at the Grocery Outlet. Plaintiff's claims against the Sacramento City Police Department should not be pursued in this action against Grocery Outlet because neither the department nor any of its police officers were involved in the September 20, 2020 incident.[1]

C. No Supplemental Jurisdiction

Further, plaintiff alleges the Sacramento City Police Department violated the Unruh Act, California Civil Code Section 51, and the Tom Bane Civil Rights Act, California Civil Code Section 52.1.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, plaintiff alleges no federal claims against the Sacramento City Police Department, and plaintiff's allegations against the Grocery Outlet defendants are wholly unrelated to plaintiff's putative unlawful detention claims against the department. Because plaintiff's unrelated claims against the Grocery Outlet defendants cannot provide supplemental jurisdiction over plaintiff's state law claims against the department, the Sacramento City Police Department must be dismissed. Plaintiff should not include his third claim in any amended complaint.

D. Statute of Limitations

Finally, the Court concludes that plaintiff's claims related to the September 20, 2020 incident at Grocery Outlet are untimely.

It is appropriate to address "statute of limitations issues" at the pleading stage, and to dismiss untimely claims, when the expiration of the limitations period is "apparent on the face of the complaint." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013). However, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). "California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 956 (9th Cir. 2018). Therefore, plaintiff's claims are "subject to a two-year statute of limitations." Id.; Cal. Civ. Proc. Code § 335.1. In this case, plaintiff's complaint was filed on August 25, 2025. Therefore, plaintiff's claims are time-barred if they accrued before August 25, 2023.

Plaintiff alleges he was subjected to excessive force and not provided medical care on September 20, 2020. (ECF No. 1 at 3, 4.) To the extent this incident could support a Section 1983 claim or any other claim, the claim would have accrued at the time of the incident, September 20, 2020, at which point plaintiff was aware of the alleged deprivation of his constitutional rights. Yasin v. Coulter, 449 F. App'x 687, 689 (9th Cir. 2011) (holding that a civil rights claim accrues when the plaintiff knows or has reason to know of his injury); see also

Mohlmann v. City of Burbank, 179 Cal. App. 3d 1037, 1041 n.1 (1986) ("A cause of action for false arrest accrues on the arrest and is actionable immediately."). Plaintiff alleges no facts to support a delay in the accrual of his claim, or to toll the applicable statute of limitations. Therefore, plaintiff's claim based on the incidents that took place at Grocery Outlet accrued on September 20, 2020, and the statute of limitations period expired on September 20, 2022, long before plaintiff filed this action on August 25, 2025. Absent a later accrual of the limitations period, plaintiff's claims against the Grocery Outlet defendants must be dismissed.

## V. LEAVE TO AMEND

Because plaintiff is proceeding pro se, and this is the first decision rendered in this case, the Court will grant plaintiff leave to file an amended complaint should he be able to allege facts demonstrating that defendant Grocery Outlet or its loss prevention security officer acted under color of state law in connection with the incident on September 20, 2020, and that he is entitled to a delay in the accrual of his cause of action. Plaintiff is cautioned, however, that the Court may dismiss the amended complaint if plaintiff fails to plausibly allege these defendants were acting under color of state law or that he is entitled to a delay in the accrual of his claim against them.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff or designee filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 10, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/scar2418.14n.sol

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCARBROUGH,<br>Plaintiff,<br>v.<br>GROCERY OUTLET, et al.,<br>Defendants. | No. 2:25-cv-2418 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on ______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

________________________________

Plaintiff